Singer *v.* Singer.

---

SINGER *vs.* SINGER.

The court will order any judgment for divorce, obtained by collusion or fraud, to be set aside, not from any regard to the parties concerned, but from motives of public policy.

In such a case, however, it should be made apparent that the party moving is acting from good motives, and not from any expected personal advantage.

Where the judgment for divorce has been acquiesced in for the period of several years and the plaintiff has again been married, some better reason than the mere gratification of personal feeling on the part of the defendant, or the desire to obtain a further sum of money from the plaintiff, should be made clearly to appear, before the court would be warranted in granting such an application.

No ground of policy should suffice where the parties have acquiesced in the judgment for three years, and a third person has acquired rights, by marriage.

MOTION to set aside a judgment in an action for divorce, on the ground that the same was obtained by collusion.

INGRAHAM, J. The plaintiff and defendant were married in 1830. This action was commenced in 1859, for adultery, charged against the defendant. The defendant appeared and put in an answer, denying the adultery. The parties consented to a reference, and the referee reported in favor of

the · plaintiff. In January, 1860, a decree of divorce was granted. Since that time the plaintiff has again been married. The defendant now moves to set aside the judgment, and to be allowed to defend the action upon the ground that the same was obtained by collusion between herself and the plaintiff, with the consent of their attorneys; that such collusion consisted in an agreement that the defendant should make no defense except to serve the answer; that her attorney should make no cross-examination of the witnesses of the plaintiff, and would make no resistance to the rendition of the judgment against her.

It was intimated on the motion that the consideration of this agreement was the payment of a sum of money, but no such fact is stated in the affidavits; nor is there any proof before me of any payment whatever, except the usual payment of alimony during the action.

Independent of any other considerations, if the motion was properly made, and in due season, the court would order any judgment of divorce obtained by collusion or fraud to be set aside, not from any regard to the parties concerned, but from motives of public policy. In such a case, however, it should be made apparent, that the party so moving was acting from good motives, and not for any expected personal advantage. But where the judgment of divorce has been acquiesced in, for the period of several years, and the plaintiff has again been married, some better reason than the mere gratification of personal feeling, or the desire to obtain a further sum of money from the plaintiff, should be made clearly to appear, before the court would be warranted in granting such an application. As I have already said, the ground on which such an order could be made would be one of public policy, but no such reason should suffice where, after the acquiescence of both the parties in the judgment for three years, an innocent person has become involved by marriage, and the opening of the judgment would involve her in distress, and perhaps disgrace. This reason alone would be sufficient to justify me

Singer *v.* Singer.

in denying the motion, if there were no other reasons for doing so, and leaving the parties to the consequences of their own acts and agreements, after the long delay that has taken place.

But upon the merits I do not think the collusion is made out in these papers sufficiently clear to set aside the divorce, even if there were no other objections thereto. The alleged collusion is said to consist in withdrawing any defense and omitting to cross-examine the plaintiff's witnesses or produce any witnesses for the defense. These matters are expressly denied by the plaintiff and by the attorney employed by the defendant in the action. The latter states that the reason why he did not cross-examine the witnesses was because he was informed by the defendant that the charge was true, and that all the compensation he received was from the alimony paid by the plaintiff. The plaintiff's attorney also swears that the reference was solely to avoid publicity; that the referee was not agreed on by the parties, but selected by the judge; and that there was no such agreement as set out by the defendant. This proof on the part of the plaintiff is from witnessess other than the parties, and, in the absence of any testimony on the part of the defendant except her own affidavit, is conclusive as to the weight of evidence being against the application.

I forbear to refer to the evidence in the case as to the original grounds on which the action was founded, both that taken before the referee and the new matter now stated, because the reasons above mentioned clearly require that the motion should not be granted.

The motion must be denied.

[NEW YORK SPECIAL TERM, November 11, 1863. *Ingraham,* Justice.]