We find no error in the proceedings in the County Court which will authorize a reversal of the judgment.

The judgment of the County Court should be affirmed with costs.

## WORTMAN *a.* WORTMAN.

*Supreme Court, First District; General Term, December,* 1863.

PUBLICATION OF SUMMONS.—JURISDICTION.—DIVORCE.—SECOND
MARRIAGE.

A judgment of divorce may be vacated for irregularity, affecting the jurisdiction of the person, even after the prevailing party has married again; but this should be done with hesitation, and only after the gravest and most careful consideration.[*]

---

[*] In SINGER *a.* SINGER (at a *Special Term* of the same court in the ensuing month), it was *Held,* that from reasons of public policy, the court would set aside a judgment of divorce, shown to be obtained by collusion or fraud, even though it had been followed by marriage of the successful party; but that in such case it must be made apparent that the moving party was acting from good motives, and not from any expectation of personal advantage, such as regaining a support.

The cause came up on a motion made by the defendant to set aside a divorce.

The plaintiff and defendant were married in 1830. This action was commenced in 1859 for adultery charged against the defendant. The defendant appeared and put in an answer denying the adultery. The parties consented to a reference, and the referee reported in favor of the plaintiff. In January, 1860, a decree of divorce was granted. Since that time the plaintiff again married.

The defendant now moved to set aside the judgment, and to be allowed to defend the action, upon the ground that the same was obtained by collusion between herself and the plaintiff, with the consent of their attorneys; that such collusion consisted in an agreement that the defendant should make no defence except to serve the answer; that her attorney should make no cross-examination of the witnesses of the plaintiff, and would make no resistance to the rendition of the judgment against her.

INGRAHAM, J.—It was intimated on the motion that the consideration of this agreement was the payment of a sum of money, but no such fact is stated in the affidavits; nor is there any proof before me of any payment whatever, except the usual payment of alimony during the action.

Independent of any other considerations, if the motion was properly made, and in due season, the court would order any judgment of divorce obtained by collusion or fraud to be set aside, not from any regard to the parties concerned, but

Jurisdiction in actions commenced by publication of summons is strictly statutory, and can be acquired only in the mode prescribed by the statute.

The fact of defendant's non-residence, is insufficient to authorize an order for publication of summons: it must also appear that unsuccessful effort has been made to find the defendant within the State.*

Nor can such an order be sustained subsequently by proof that the defendant was not, in fact, within the State.

The validity of an order for the publication of summons, must be judged solely upon the sufficiency of the affidavits upon which it was granted.

Appeal from an order denying a motion to vacate judgment for irregularity.

This was an action by Jacob Wortman against Harriet Wortman for a divorce, on the ground of adultery. The summons was undertaken to be served by publication. The defendant did not appear. A judgment of divorce was ordered on the

---

from motives of public policy. In such a case, however, it should be made apparent that the party so moving was acting from good motives, and not for any expected personal advantage.

But where the judgment of divorce has been acquiesced in, for the period of several years, and the plaintiff has again been married, some better reason than the mere gratification of personal feeling, or the desire to obtain a further sum of money from the plaintiff, should be made clearly to appear, before the court would be warranted in granting such an application. As I have already said, the ground on which such an order could be made would be one of public policy, but no such reason should suffice where, after the acquiescence of both the parties in the judgment for three years, an innocent person has become involved by marriage, and the opening of the judgment would involve her in distress, and perhaps disgrace. This reason alone would be sufficient to justify me in denying the motion, if there were no other reasons for doing so, and leaving the parties to the consequences of their own acts and agreements, after the long delay that has taken place.

But upon the merits, I do not think the collusion is made out in these papers sufficiently clear to set aside a divorce, even if there were no other objections thereto.

[The judge then reviewed the conflict of testimony upon which he came to this conclusion.]

Motion denied.

* In Irving Savings Institution *a.* Hardman (*Supreme Court, First District; Special Term*, 1858, *MS.*), it was held by Ingraham, J., that the only case in which a resident of this State can be proceeded against by publication under the provisions of the Code, is under the 2d subdivision of section 135. It is true that the first part of that section says, "When the person on whom service is to be made cannot be found, &c.; within the State;" but that is qualified by the latter part of the section, which defines the special cases to which these general words apply.

30th day of May, 1862. In April, 1863, the defendant made a motion, at special term, that the judgment be set aside and vacated for irregularity, because, among other reasons, the affidavit on which the order for publication was made did not show, or state, any facts to show that the defendant could not, with due diligence, be found and served with the summons within this State. The motion was denied at special term, by Mr. Justice Barnard, and, from the order denying such motion, the defendant appealed to the general term.

*Anthony R. Dyett*, for the appellant.—I. The judgment is void—because the defendant did not in fact reside in Connecticut (nor out of this State) when the suit was commenced; nor subsequently, up to the time when judgment was rendered. (Fiske *a.* Anderson, 12 *Abbotts' Pr.*, 8.)

II. The affidavit of her non-residence, upon which the order for publication was based, is entirely upon information and belief; and that, too, derived from the plaintiff. There was nothing for the judge's mind to act on judicially, and it was not sufficient to confer jurisdiction. (14 *Wend.*, 237; 20 *Ib.*, 77; 18 *Ib.*, 611; 11 *Johns.*, 175; 26 *Barb.*, 562; 6 *Abbotts' Pr.*, 97; 17 *How. Pr.*, 106, 559; 14 *Ib.*, 380; 13 *Ib.*, 43, 349; 4 *Den.*, 93, 592; 12 *Abbotts' Pr.*, 359; 3 *How. Pr.*, 109; 9 *Johns.*, 75; 9 *Abbotts' Pr.*, 66; 5 *How. Pr.*, 46; 3 *Cow.*, 206; 5 *N. Y.*, 164; 16 *How. Pr.*, 371; 18 *Ib.*, 248; 1 *Cr. & J.*, 401.)

III. The only allegations of adultery in the complaint are adultery in Brooklyn with S. B., and at the same place with some person unknown. Proof was given of adultery at New York. It is impossible to say that this did not influence the judgment. The charge in the complaint is the one to be proved, and no divorce can be granted upon proof of a charge not contained in the complaint. (Wood *a.* Wood, 2 *Paige*, 108; 12 *Abbotts' Pr.*, 331; *Code*, § 276; 4 *Sandf. Ch.*, 622.) The defendant had a right to make default, and leave plaintiff to prove *his charges*. But he has no right to make new ones, of which we have had no notice. But again, the second charge of adultery was altogether too indefinite to admit any evidence of it to be given. (2 *Paige*, 108; 2 *Johns. Ch.*, 224; 4 *Barb.*, 217; 3 *Edw.*, 376, 389; 6 *Johns. Ch.*, 347.)

IV. On the merits, the judgment should be set aside. Be-

sides, the weight of evidence is with us, that the defendant knew where his wife was to be found in this State, and had no reason to believe she resided in Connecticut. (Bulkley *a.* Bulkley, 6 *Abbotts' Pr.*, 307.)

V. The order appealed from should be reversed, and the judgment set aside and defendant permitted to answer. If there is any fear of doing the present wife any injustice, the court has power to let this judgment stand in the mean while. (Dunn *a.* Dunn, 4 *Paige*, 425.)

*Arnold H. Wagner* and *John Sedgwick*, for the respondent.— I. It appears by the affidavits on both sides, that defendant was in fact out of the State. It appears by the affidavit offered on behalf of plaintiff, that defendant had sent him a message to the effect that she did not intend to defend the action. It likewise appeared that plaintiff was diligent in inquiring where defendant was living, and was informed that she was at Norwalk : it appears that defendant actually knew of the pendency of the action.

II. To confer jurisdiction, the judge should have been satisfied, by affidavit, that the defendant could not, after due diligence, be found in this State. If any facts relevant to the inquiry appeared, the statute does not require that any mind except that of the judge granting the order should be satisfied. His granting the order is proof that he was satisfied. (Collins *a.* Ryan, 32 *Barb.*, 647; Staples *a.* Fairchild, 3 *N. Y.*, 41; Roche *a.* Ward, 7 *How. Pr.*, 416.) Two facts appeared : residence at Norwalk; non-residence in the State. The second is upon positive knowledge. The fact of non-residence is evidence that the defendant cannot, after due diligence, be found within this State. (Vernam *a.* Holbrook, 5 *How. Pr.*, 3; Rawdon *a.* Corbin, 3 *Ib.*, 416.) The old practice was to consider affidavits upon information and belief, with a statement of the source of the information, sufficient. (2 *Barb. Ch.*, 396, 397; 3 *Hoffm.*, 51.) Warren *a.* Tiffany (9 *Abbotts' Pr.*, 65; S. C., 17 *How. Pr.*, 106), and Evertson *a.* Thomas (5 *Ib.*, 45), are consistent with the old practice. In the first, belief alone was averred; in the second, the source of information was not stated. The second refers to *Exp.* Haynes (18 *Wend.*, 611). The cases referred to is an authority in our favor. These two cases, how-

ever, are opposed to Van Wyck *a.* Hardy (11 *Abbotts' Pr.*, 473; S. C., 20 *How. Pr.*, 222).

III. To vacate this judgment will expose plaintiff to a charge of bigamy, and annul the present marriage upon vague affidavits, where there has been no opportunity for cross-examination. If this judgment be assailable for the reasons suggested, proceedings can be taken directly to set it aside, wherein the rights of all parties can be deliberately settled.

SUTHERLAND, P. J.—As this was an action for divorce, and as it appears that since the judgment of divorce was obtained the plaintiff has married again, I have arrived at the conclusion, that the defendant's motion, at the special term, should have been granted only after the gravest and most careful consideration, and I may say with great hesitation. But I am convinced, that to hold that the affidavit upon which the order for publication was made in this action authorized such order, would be establishing or approving a most mischievous and unauthorized precedent.

By the Code (§ 135), "Where the person on whom the service of the summons is to be made, cannot, *after due diligence*, be found within the State, and that fact appears by affidavit to the satisfaction of the court, or a judge thereof, &c., and it in like manner appears that a cause of action exists against the defendant, in respect to whom the service is to be made, &c., such court or judge may grant an order, that service be made by the publication of the summons," in certain cases particularly specified in the section; the last of which is, "where the action is for divorce, in the cases prescribed by law."

Now the affidavit of the attorney for the plaintiff, upon which the order for publication was made, states "that the defendant resides at Norwalk, in the State of Connecticut, as deponent is informed and believes to be true, and is not, and has not been a resident of this State for more than eighteen months; that *by reason of such non-residence*, deponent cannot have the said summons and complaint served on her within this State." This is all there is in the affidavit, claimed as showing, or tending to show, that the defendant could not, *after due diligence*, be found within the State.

In my opinion, the affidavit, so far from showing or stating

Wortman *a.* Wortman.

any fact to show, that the defendant could not, after due diligence, be found within the State, contains a confession on its face, that no efforts or attempts whatever had been made to find the defendant within the State, because the defendant was a non-resident, or the affiant had been informed and believed she was a non-resident, and had been for eighteen months. The purport of the statement in the affidavit above quoted, plainly is, the defendant resides at Norwalk, in Connecticut, as I am informed and believe; she has not been a resident of this State for more than eighteen months; and, therefore, no effort or attempt has been made to find her within the State. Construe the affidavit most favorably to the plaintiff, and say that only the allegation, that the defendant resided at Norwalk, was intended to be made on information and belief; and that the allegation, that she had not been a resident of this State for more than eighteen months, was intended to be made positively, and of the affiant's own knowledge; and yet, we cannot hold that the affidavit was sufficient to authorize the order for publication, without disregarding, or nullifying the requirement of the Code, that it must appear by affidavit, to the satisfaction of the court or judge, that the person on whom the service of the summons is to be made, cannot, after due diligence, be found within the State; for the section of the Code containing such requirement, assumes that though the defendant be a non-resident, yet, that perhaps he may be found within the State, and plainly contemplates that some effort shall be made to find and serve the defendant within this State, though he or she be a non-resident.

Had the affidavit in this case stated, generally, that after due diligent search or inquiry, the defendant could not be found within the State; or had it presented for the discretion of the judge any fact to show that there had been any diligence or effort to find the defendant within the State, the case would have been very different; but viewing the allegation of the non-residence of the defendant, not as an allegation of a fact addressed to the discretion of the judge, to show any attempt or effort to find the defendant, or even inquiry for her, within the State; but as an allegation made by way of excuse, for not having made any such attempt, effort, or inquiry, I cannot avoid the conclusion, that the affidavit did not authorize the

order of publication, and that such order, and the subsequent proceedings, were irregular and void.

It would appear from the order for publication, that this is the correct view of the affidavit; for the order recites: "It appearing to my satisfaction, by an inspection of the summons and complaint herein, and from the affidavit of the attorney for the plaintiff, that the summons and complaint has been duly filed herein, and that due diligence to serve the same has been made, but without success, *as the defendant does not reside within the State*, but resides at Norwalk, in the State of Connecticut," &c.

Judge Allen says in Cook *a.* Farmer (12 *Abbotts' Pr.*, 359), "But the statutory proceedings for acquiring jurisdiction of absent defendants, must be strictly complied with to give the court jurisdiction. The jurisdiction is strictly statutory, and can only be acquired in the mode prescribed by the statute." (Hallett *a.* Righters, 13 *How. Pr.*, 43; Brisbane *a.* Peabody, 3 *Ib.*, 109; Kendall *a.* Washburn, 14 *Ib.*, 380. See, also, Van Wyck *a.* Hardy, 11 *Abbotts' Pr.*, 473; S. C., 20 *How. Pr.*, 227.)

This last case certainly went to the very verge of reasonableness, in holding the affidavit sufficient to satisfy the judge of the non-residence of the defendants, and of the inability to find them in this State, and to confer jurisdiction on the judge.

The affidavits read in behalf of the plaintiff on the motion, tending to show that the defendant was, in fact, not within this State when the order for publication was made, plainly are of no importance on the question, whether the order of publication was authorized by the affidavit on which the order was made. The question is, whether the order for publication was authorized by the affidavit, on which the order for publication was made. I think it was not, and therefore I am of the opinion, that the order appealed from should be reversed with $10 costs, and that the judgment in this action should be vacated.

LEONARD, J., concurred.

BARNARD, J., dissented.