### JULIUS ZOELLNER v. MARGARETHA ZOELLNER.

*Divorce—Abatement by death—Delay in attacking decree*

The death of the complainant in divorce extinguishes the suit and the whole ground of action, and though the proceeding itself survives, a defendant who has taken no appeal from a decree granted therein cannot obtain by petition a standing in court for the purpose of attacking the decree, and can only do so, if at all, by a new suit impleading the parties representing the property interests to be affected.

An unexcused delay of nine years, and until after the death of the other party, in attacking a decree of divorce, is fatal to a proceeding to set it aside for the purpose of obtaining an interest in decedent's estate.

The mere abatement of a suit in equity is a state of suspension with capacity for revival

Peace and good order require that equity shall not aid those who grossly neglect to take care of their own rights.

Appeal from Wayne. Submitted June 28. Decided Oct. 5.

PETITION to set aside a divorce. Petitioner appeals. Order dismissing petition affirmed.

*Latham & Case* and *John D. Conely* for petitioner. A decree of divorce may be vacated for fraud: *True v. True* 6 Minn. 458; *People v. Dawell* 25 Mich. 255; *Edson v. Edson* 108 Mass. 590; *Weatherbee v. Weatherbee* 20 Wis. 500; *Johnson v. Coleman* 23 Wis. 453; *Crouch v. Crouch* 30 Wis. 670; *Willman v. Willman* 57 Ind. 501; *Whitcomb v. Whitcomb* 46 Iowa 437; *Rush v. Rush* id. 648; *Whetstone v. Whetstone* 31 Iowa 276; *Mansfield v. Mans-*

*field* 26 Mo. 163; *Lord v. Lord* 66 Me. 265; *Allen v. MacLellan* 12 Penn. St. 328; *Boyd's Appeal* 38 Penn. St. 246; *Plummer v. Plummer* 37 Miss. 185; *Newcomb v. Newcomb* 13 Bush 544; *Adams v. Adams* 51 N. H. 397; *Shumway v. Stillman* 6 Wend. 452; *Fiske v. Anderson* 12 Abb. Pr. 15; *Wright v. Douglass* 10 Barb. 111; *State v. Phœnix Bank* 33 N. Y. 25; there is no estoppel by laches from attacking it; *Holmes v. Holmes* 4 Lans. 388.

*George Gartner* and *Charles F. Burton* for respondent. A petition to vacate a decree for fraud should not be entertained if it does not allege any act which would constitute a fraud practiced on the court: 2 Bishop M. & D. § 7533; *Groff v. Groff* 14 S. & R. 181; *Johnson's Appeal* 9 Penn. St. 416; or if no proceedings were taken until after complainant's death, and defendant—petitioner—had acquiesced in the decree and proceedings for seven years with knowledge: *Campau v. Van Dyke* 15 Mich. 371; *McLean v. Barton* Har. Ch. 279; *Ford v. Loomis* 33 Mich. 122; *Mc Vickar v. Filer* 31 Mich. 304; *Delancey v. Brownell* 4 Johns. 137; 2 Story Eq. Juris. § 1520; *German American Seminary v. Kiefer* 43 Mich. 105; if the petition is not filed from motives of public policy, but for pecuniary advantage: *Singer v. Singer* 41 Barb. 139; the allegations of this petition are insufficient: *McCraney v. McCraney* 5 Iowa 251; see also *McQuigg v. McQuigg* 13 Ind. 294; 2 Bishop M. & D. § 761; see also *Greene v. Greene* 2 Gray 361; *Parish v. Parish* 9 Ohio St. 534; in a divorce case, after decree, defendant cannot appear as a matter of right : Comp. L. § 5127–8.

GRAVES, J. September 26, 1872, a decree of divorce from the bonds of matrimony was granted complainant by the circuit court for Wayne county in chancery. The defendant was not personally served and did not appear. She was staying at her father's in Toledo in the state of Ohio and had been from the previous November, and the case purported to be carried on in virtue of an order of publication under the statute. In the fall of 1872 the complain-

ant gave her notice of the divorce, and about the same time he entered into marriage with a woman by the name of Bittner who had recently been granted a divorce from a former husband. The decree against defendant has never been enrolled.

May 12, 1880, complainant died intestate leaving, as represented, real property amounting to $3000 and personal estate, including $2000 arising from a life insurance, of the value of $3000. Letters of administration were issued to Frederick J. Kunze and the woman whom Zoellner married after the decree against defendant, claims in character of his widow. March 31, 1881, the defendant Margaretha filed her petition to have the decree of divorce against her set aside on the ground that the order of publication and the showing therefor were false and fraudulent and an imposition on the court. A hearing was had on the petition and several accompanying affidavits, and the court denied the application and Mrs. Zoellner appealed.

A number of questions of considerable difficulty were referred to on the argument and others have occurred to the court since. But as we do not consider that the fate of this appeal depends upon them they will not be discussed. The case must be governed by our own mode of procedure, and be decided on grounds which are well recognized where other contentions not very different in their real object are in question.

*First.* The exclusive object of the suit against the petitioner was to sever the bond of marriage, and the death of her husband, the complainant, brought the suit to an end. There remained no longer in the case a party complainant to contend nor any subject-matter of contention. There was not a mere abatement in the sense of equity, which is a state of suspension with a capacity for revival. But the whole ground of action was extinguished. Mitford Eq. Pl. 58; Story Eq. Pl. § 356; Barb. Ch. Pr. book 4, ch. 1, p. 39.

Whatever effect there may have been on property interests was a result only of the change of *status* declared by the decree in the cause, and was not an end directly pro-

duced by the cause itself. And no complaint of such effect by the petitioner upon any ground reaching back to the decree and turning on its validity, can be heard and decided in the old case, which, as just stated, is not only destitute of an opposing party but is not depending. The proceeding indeed survives, and supposing it to be assailable by the petitioner to enable her to regain a position carrying with it a right to property as against others now apparently entitled, her only course would be to proceed by a new suit with the proper parties representing the property interests liable to be affected. The application before us is not such a suit. It is a petition in the divorce case. This is certain. Not only the title and the body of the petition show it, but it is also evident from the entire course of proceeding. The application is against a deceased complainant and in a case which came to an end nearly a year before it was made.

In my judgment the petitioner obtained no standing in court, and that for the reasons here stated the denial of her application ought to be affirmed.

*Second.* Waiving all objections based on the manner in which the relief sought is applied for, and viewing the case as it stands explained by the petitioner, the court is of opinion that the decision of the court below should not be disturbed. Nothing is now involved except property. The sole motive of the petitioner in assailing the judicial proceeding which purported to sever her connection with the deceased complainant is to get, through a kind of *post mortem* adjudication, a share of the property he left. We think she was not disposed to attack the proceedings during his life-time, and when, if successful, the result would have been a revival of the state of marriage. But that she designedly abstained from moving until, in consequence of his death, the property interest might be pursued without the risk of any restoration of conjugal connection. The claim set up by the petitioner is therefore to be judged by the standard applicable to property questions. The decree in question is *prima facie* valid; and granting that it was obtained by the means asserted, still the facts are extrinsic,

and are only provable by outside evidence. The case is, hence, one where the adjudication must subsist and operate as valid until overthrown by a judgment pronounced against it upon appropriate evidence.

Now, the decree of divorce, as we have noticed, was given in September, 1872, at the city of Detroit. The petitioner was at her father's, in Toledo, distant about two hours by railway, and she was very soon informed by complainant.

The defects in the proceedings which are now set up were open to detection by the least attention to facts which must have been obvious to her, and the notice from her husband, and the surrounding circumstances with which she was intimate, were urgent calls upon her to look into the proceedings. In short, if her present explanations are correct the facts of which she had full knowledge implied conclusively that the decree was a fraud, and there is no reason to suppose that she was not then as eligibly situated to take action as she is now. And although she continued in the same near neighborhood, she yet waited from the fall of 1872 until the 31st of March, 1881, an interval of between eight and nine years, and including in it the period of more than seven and a half years whilst complainant was living and the space of nearly a year subsequent to his death. And the case is bare of circumstances to palliate the delay.

The proceeding is consequently subject to the proposition that the public peace and good order are concerned in withholding the assistance of equity from those who grossly neglect to take care of their own rights.

The order must be affirmed.

The other Justices concurred.