NEW YORK COUNTY.—HON. D. G. ROLLINS, SURRO-
GATE.—April, 1886.

MATTER OF BETHUNE.

*In the matter of the application for probate of the*
*will of* JOHN C. BETHUNE, *deceased.*

One asserting herself to be the widow of a decedent, and her title as such
to intervene in proceedings instituted to procure probate of a paper
propounded as his will, may show, in the Surrogate's court, that a prior
marriage did not disqualify her to become decedent's wife, by reason
of the same having been void *ab initio.*

APPLICATION by Elise Bethune, for leave to inter-
vene in a special proceeding instituted for the probate
of decedent's will.

J. V. B. LEWIS, *for applicant.*

J. H. HILDRETH, *and* S. T. SMITH, *for proponents.*

THE SURROGATE.—It is provided, by Code Civ. Pro.,
§ 1774, that, in certain classes of actions, including
actions to annul marriage, final judgment shall not
be rendered against a defendant, upon his default
in appearing or pleading, where he has been person-
ally served with a summons without the State, unless
upon the face of the summons so served these words,
or words of similar purport, appeared legibly written
or printed—" Action to annul a marriage."

Section 1774 further provides that the affidavit
proving service of such summons " must affirmatively
state that an inscription (setting forth a copy thereof)

was so written or printed upon the face of the copy of the summons so served." The affidavit of service, which forms a part of the judgment roll in the action brought by this contestant to annul her marriage with one Stutzbach, fails to make the statement above required. The affidavit of service, which was subsequently allowed to be filed *nunc pro tunc*, also fails to show that the copy bore the inscription which the statute demands. For these defects the court which pronounced the decree in question was without jurisdiction, and such decree must be treated, for the purposes of this proceeding, as inoperative and void.

It is fatally defective also for another reason. The order directing the service of the summons by publication or personal service without the State, was based upon the allegation of the defendant's non-residence. To justify the granting of such an order, it was essential that proof should have been made by affidavit that the plaintiff had been unable, and would be unable, with due diligence, to make personal service of the summons within the State (Code Civ. Pro., § 439). Such inability was not alleged in the affidavit which was used as the basis of Judge LARREMORE's order. That this is a fatal defect, see Wortman v. Wortman (17 *Abb. Pr.*, 66); Greenbaum v. Dwyer (4 *Civ. Pro. Rep.*, 276); Bixby v. Smith (3 *Hun*, 60); Wunnenburg v. Gearty (36 *Hun*, 243); Kennedy v. N. Y. Life Ins. Co. (32 *Hun*, 35); Carleton v. Carleton (85 *N. Y.*, 313).

Although the decree which this contestant has invoked as establishing her capacity to contract a marriage with this decedent is ineffectual for that purpose, she will be afforded an opportunity to show, if

she can, that, at the time of such marriage, she was under no disability by reason of her previous marriage with Otto Stutzbach, but that such previous marriage was altogether void.