Truax, J.
I think that the preliminary objection has been waived by the adjournment. Section 440 is mandatory and must be complied with in order to give the court jurisdiction. It differs somewhat from § 135 of the old Code, and for this reason Abrahams v. Mitchell, *517 8 Abb. 123, is not an authority, nor is Weil v. Martin, 24 Hun 645, an authority for plaintiff. In the Weil case the plaintiff simply did not wish to avail himself of the option given by § 440, and, therefore, did- not put into the order the provision for personal service.
Roger M. Sherman, for appellant:—
I. Under § 440 a party may now have separate orders to meet the alternative mode of service which he may choose to adopt." A separate order may be made directing personal service without the state. O’Neill v. Bender, 30 Hun 204.
II. The object of all service is to give notice. Publication affords presumptive notice and deposit in the postoffice is a mere incident, and only strengthens the presumption. Personal service is actual notice. One is the shadow, the other is the substance. Publication bears no other relation to personal service than secondary evidence bears to primary evidence. To set aside actual notice because of the omission of the provisions for secondary or presumptive notice, is to prefer the shadow to the substance and secondary evidence to primary evidence ; it is an insult to intelligence. Applied to a statute which unquestionably bears a different construction, it is in disregard of the fundamental principles for the construction of statutes.
III. If the provisions for publication are, as held by Judge Truax, mandatory, yet it by no means follows that their omission is a jurisdictional defect. On the contrary, it is a mere irregularity, obviously unprejudicial to the defendants, and cured by § 723 of the Code. Wallace v. Dimmick, 24 Hun 636; Boring v. Binney, 38 Ib. 154; affirmed 102 N. Y. 623; Norton v. Dover, 14 Fed. Rep. 106, and cases there cited.
Barlow & Wetmore, for respondents :
I. The order does not comply with the statute and is *518 void. Ritten v. Griffiths, 16 Hun 454; Weil v. Martin, 24 Ib. 645.
II. Proceedings for acquiring jurisdiction of absent defendant must be strictly complied with to give the court jurisdiction. Wortman v. Wortman, 17 Abb. Pr. 72, and cases cited.
By the Court.—Freedman, J.
As both parties have conceded that an adjournment of the motion was had, and that the motion was argued below on the merits, the preliminary objection raised below should not be considered on the present appeal.
The merits of the motion depend upon the construction of section 440 of the Code of Civil Procedure. The point that the order which was vacated, contained no direction whatever as to a publication of the summons, but only an authorization for personal service without the state, was passed upon in Ritten v. Griffith, 16 Hun 454, and decided adversely to the appellant. The case referred to was distinguished in Weil v. Martin, 24 Hun 645, and in O’Neil v. Bender, 30 Hun 204, but it has never been overruled. If the point had never been squarely passed upon, I perhaps could persuade myself to reach a different conclusion. But it has been expressly decided by a general term of the supreme court, and no sufficient reason has been shown why this court should not follow the decision then and there made. The question is a close one, and it can be set at rest only by the court of appeals, and it should be submitted to that tribunal for final determination.
Abraham v. Mitchell, 8 Abb. 123, arose under § 135 of the former Code, the language of which differed from the language of § 440 of the Code of Civil Procedure.
The order appealed from should be affirmed with ten dollars costs and disbursements.
Sedgwick, Ch. J., and O’Gorman, J., concurred.