CECIL WILLIAMS *et al. v.* BERTHA STRATTON *et al.*

(No. 7776)

Submitted April 17, 1934. Decided May 1, 1934.

*G. E. Kesterson,* for appellant.
*Thomas West,* for appellees.

KENNA, JUDGE:

May Williams, Charles Williams, Harold Williams and Aaron Weed filed their bill in equity in the circuit court of Cabell County against Bertha Stratton and Charles G. Rhodes, trustee, seeking to enjoin the foreclosure of a deed of trust upon real estate in Cabell County, executed by them on the 28th day of June, 1928, and to purge the debt thereby secured of usury. The deed of trust secured the principal amount of $4500.00, payable in five years after date bearing even date with the deed of trust, and nine interest notes, payable semi-annually in the amount of $157.50 each, being seven per cent interest upon the principal amount. At the time of filing the bill, eight of the interest notes had been paid, leaving one unpaid, and in default. The principal was not yet due.

The total amount of usurious interest paid was alleged to be $202.50. The excessive interest was more than enough to retire the interest note then due and in default, and the prayer of the bill was that the interest be purged and thus credited; that the sale be enjoined, and plaintiffs be accorded general relief.

The appropriate exhibits were all filed with the bill of complaint. On September 12, 1932, the trust deed sale and the collection of the debt were enjoined until the further order of the court. On May 4, 1933, a decree was entered upon the bill taken for confessed, reciting the crediting of $157.50 upon the note for interest due and unpaid, and perpetually enjoining both collection of the debt and the enforcement of the trust deed. On the 7th day of July, 1933, the plaintiff was served with notice that on July 10, 1933, or as soon thereafter as the motion could be heard, the defendants would move to dissolve the injunction theretofore granted in the cause, said motion to be based upon the papers and exhibits theretofore filed and also on an answer or petition of the defendant, Bertha Stratton, to be filed in the cause. On the 5th day of August, 1933, the matter came on again to be heard upon the petition of Bertha Stratton, filed pursuant to the notice hereinbefore mentioned, and the replication of plaintiffs thereto. The petition recites the proceedings in the cause, admits the usury, consents to its purging in the transaction, alleges that since the injunction was awarded that the principal of the debt fell due on June 28, 1933, and is due, owing, and in default, and avers that the perpetual injunction will deprive the defendants of collecting an honest debt in so far as the principal is concerned. The replication or answer of Bertha Stratton to this petition alleges that the sum of $202.50 usurious interest had never been refunded by the defendants to the plaintiffs, and prays that the injunction awarded may not be dissolved until this has been done.

On the 5th day of August, 1933, a decree was entered crediting the sum of $202.50 to the plaintiffs on the principal debt of $4500.00, and dissolving the injunction awarded in the cause on May 4, 1933.

We can see no error in the course pursued by the trial chancellor. The defendant-petitioners evidently permitted

the bill of complaint to be taken for confessed on the supposition that the court would enter a decree purging the transaction of usury and permitting their remedy under the deed of trust to be resorted to, if need be, after that was done. The error in perpetually enjoining the collection of the entire amount of the principal debt even after the transaction was free from the vice of usury, is apparent. This distinctly appears upon the face of the record and could be made the subject of a bill of review under 58-2-2, Code, or of a motion to reverse in the trial court under section 58-2-4, Code. There is no difficulty in treating the petition filed by the defendant-petitioners as tantamount to a bill of review. If not that, the proceeding before the trial chancellor was certainly equivalent to a motion made under 58-2-4, Code. In either case, the trial chancellor would be proceeding correctly to remedy a grievous error appearing upon the face of the record. There are abundant cases in West Virginia to sustain the course pursued in the trial court. Therefore, the decree of the circuit court of Cabell County will be affirmed.

*Affirmed.*