Argued April 18; affirmed May 9, 1939

## KOSKI *v.* KOSKI

(90 P. (2d) 183)

In Banc.

*A. W. Norblad,* of Astoria (Norblad & Norblad, of Astoria, on the brief), for appellant.

*Frank C. Hesse,* of Astoria (Hesse & Franciscovich, of Astoria, on the brief), for respondent.

BEAN, J. This is an application by defendant to vacate a decree rendered and entered December 7,

1929, since which time the plaintiff has married a second wife.

As stated by defendant, on the 18th day of October, 1929, plaintiff filed in the circuit court of the state of Oregon for Clatsop county his complaint for the dissolution of the marriage contract from defendant. With respect to the one year of residence required by statute to give the court jurisdiction of the subject matter, plaintiff's only allegation in the complaint is:

"That the plaintiff herein is a resident of Clatsop County, State of Oregon, and has resided in Clatsop County, State of Oregon, and been a resident and inhabitant of Clatsop County, State of Oregon, for more than one year prior to the 1st day of October, 1929."

Verification of the complaint was made by plaintiff on October 16, 1929, but it was not filed until October 18, 1929, two days later. Service was had upon the defendant by publication. Defendant defaulted, and on December 7, 1929, findings of fact, conclusion of law and decree were filed. To sustain the one year's residence period required by statute, the court found as alleged in the complaint.

On September 22, 1938, defendant filed her motion to vacate, set aside and hold for naught the decree of divorce against her upon the ground that the decree of divorce was null and void because the court had no authority to render said decree, since the complaint did not affirmatively allege the statutory requirements of residence of plaintiff, the statute, section 6-910, Oregon Code 1930, being as follows:

"In a suit for the dissolution of a marriage contract, the plaintiff therein must be an inhabitant of the state at the commencement of the suit, and for one year prior thereto; which residence shall be sufficient to give the court jurisdiction, without regard to the place where

the marriage was solemnized, or the cause of suit arose." L. 1862, § 493; Hill's Ann. Laws, § 497.

She further states that it affirmatively appears from the findings of fact, in connection with the date of the filing of the complaint, that the plaintiff was not an inhabitant of the state for one year prior to the commencement of the suit, and therefore that the decree is void and the court was without jurisdiction to render the same.

The motion to vacate the decree was denied, and from that ruling this appeal is prosecuted.

There is no fraud or irregularity in the divorce suit suggested or claimed.

In defendant's first proposition of law, she quotes section 6-910, Oregon Code 1930. The application of the defendant is not timely, and is stale. It appears that the defendant in 1930 knew about the rendition of the decree in the divorce suit.

We read in the notes to *Greene v. Greene,* 2 Gray 361 (Mass.) found in 61 Am. Dec. 454, at 465, as follows:

"A party seeking to vacate or annul a judgment or decree of divorce must be actuated by good motives: Zoellner v. Zoellner, 46 Mich. 511; S. C., 9 N. W. Rep. 831; Singer v. Singer, 41 Barb. 139; S. C. 17 Abb. Pr. 66, note; Potts v. Potts, 10 Week. Notes Cas. 102; and must proceed with due diligence; Zoellner v. Zoellner, Singer v. Singer, Potts v. Potts, supra; Burge v. Burge, 88 Ill. 164; * * * and if these requirements are not observed, they will be fatal to the application."

In *Bamford v. Bamford,* 4 Or. 30, 37, it is stated:

"When one seeks to open a judgment or decree, it should be shown by a statement of facts that the party applying is without fraud [fault], or that the neglect is excusable."

■However, we think the court had jurisdiction of the subject matter and of the parties to the suit for divorce, and that the complaint was sufficient, although worded in a bungling manner. The jurisdiction of that court to try the divorce suit was ample.

The decree of the circuit court should therefore be affirmed. It is so ordered.

KELLY, J., not sitting.

LUSK, J., took no part in the consideration of this case.