DOROTHY M. RUSSELL *v.* BEN H. CARPENTER, *Admr., etc., et al.*

(No. 9384)

Submitted September 29, 1942. Decided November 17, 1942.

*Maxwell & Young*, for appellant.
*H. Roy Waugh* and *Lycurgus Hyre*, for appellees.

ROSE, JUDGE:

This appeal was awarded Dorothy M. Russell to a final decree of the Circuit Court of Upshur County by which the demurrer of A. P. Russell to her bill of review against him and others was sustained, and the appellant not desiring to amend her bill, the cause was dismissed.

The original suit was by the appellant against her husband, William L. Russell, for separate maintenance and support. The defendant therein filed an answer and cross-bill praying for a divorce from the appellant. A decree was entered in that suit on the third day of October, 1939, awarding the plaintiff temporary alimony and attorney fees, and decreeing that "the defendant do pay all costs of the suit as the costs accrue and the officers of this court their fees as said fees accrue", but reserving "the right to make any further order with respect to attorney fees, alimony and separate maintenance which may be proper as a result of further developments in this cause". By the same decree the cause was referred to a commissioner in chancery to take and return the testimony in the cause, and to make a report covering certain matters mentioned in the decree.

After the testimony was completed, to-wit, on the 25th day of August, 1940, the defendant, William L. Russell,

died, whereupon the commissioner filed in court his report and the evidence taken. At this stage of the case, the attorneys for the plaintiff filed a petition praying for the allowance of additional attorneys' fees, and the attorneys who formerly represented the deceased defendant and then represented A. P. Russell, a distributee and alleged creditor of the estate of William L. Russell, deceased, moved the court to require Myron B. Hymes, one of counsel for the plaintiff, to restore to the papers in the cause a certain insurance policy on the life of William L. Russell, in which the plaintiff, Dorothy M. Russell, was beneficiary, and which had been filed as an exhibit with the evidence of the plaintiff taken before the commissioner, supporting said motion by affidavit. In reply to this, attorney Hymes stated in open court that he did not then have the insurance policy in his possession; but that the same had been filed in evidence with the right reserved to withdraw the same, and that it had been so withdrawn by him and collected and surrendered by the beneficiary, Dorothy M. Russell. He then tendered for filing a photostatic copy of the same.

On February 7, 1941, the court entered the last decree in that cause. This decree recites that the court "finds," after reciting *haec verba* a considerable amount of the evidence in relation to the policy, that attorney Hymes had "obtained and secured said insurance policy * * * from the clerk and has not returned the same to the said clerk; that no order was entered permitting the withdrawal of said insurance policy * * * from the papers in this cause", and ordered that the photostatic copy be filed in lieu thereof; and further, "finds and adjudges" that the policy was "in the custody of the court and in the custody of the law at the time it was obtained from the clerk's office as aforesaid and at the time it was surrendered as aforesaid."

Then follows in the decree the recital that "the death of defendant William L. Russell on the ___ day of August, 1940, having been suggested in open court, and reported by the said commissioner in chancery", the court "is of the opinion * * * that the said cause abated upon the death of said William L. Russell; it is therefore adjudged,

ordered and decreed that this cause be and the same is hereby dismissed." The decree closes, however, with a further paragraph by which it is "adjudged, ordered and decreed that each party to the said cause shall pay his or her costs and that the parties shall share equally in the costs of the court and its officers. And it appearing to the court that on September 10, 1940, A. P. Russell, a brother, heir and alleged creditor of W. L. Russell, deceased, advanced and paid to the said U. G. Young, Jr., Commissioner in Chancery, the sum of $330.00, that being the amount of the commissioner's fees and stenographic fees in taking and transcribing the depositions on behalf of the parties hereto, it is further adjudged, ordered and decreed that the said Dorothy M. Russell shall pay to the said A. P. Russell one-half of the fees so advanced by the said A. P. Russell to U. G. Young, Jr., commissioner, or the sum of $165.00 with interest thereon from September 10, 1940, * * *." On August 2, 1941, Dorothy M. Russell, the plaintiff in the original suit, sued out process on her bill praying for a review and reversal of said decree of February 7, 1941. The bill made defendants, Ben H. Carpenter, administrator of the estate of William L. Russell, deceased, Myron B. Hymes and H. A. Zickefoose, sheriff of Upshur County. It recited briefly the history of the original suit, and filed as exhibits the pleadings and orders therein and further showed that A. P. Russell had caused to be issued and placed in the hands of the defendant sheriff an execution on the pretended recovery in his favor against Dorothy M. Russell in the decree of February 7, 1941.

This bill of review was predicated upon the theory that the decree of February 7, 1941, was erroneous and void on its face for the reason that the cause of action, and therefore the suit itself, automatically abated on the 25th day of August, 1940, by the death of William L. Russell, and that the court could not thereafter make any decree in the cause affecting the rights of any party or person. Particularly, it charges that the court had no jurisdiction to make the "finding" in that cause regarding the action of attorney Hymes in connection with the insurance

policy, since Hymes was not a party to the cause, and likewise that the court had no jurisdiction to make the pretended decree in favor of A. P. Russell against Dorothy M. Russell for $165.00 for the additional reason that he, A. P. Russell, was not a party to that suit, and that the question of costs had already been adjudicated by the decree of October 3, 1939. To this bill, the defendant, Myron B. Hymes, filed his answer and cross-bill substantially repeating the allegations of the appellant's bill and praying for a review of the decree of February 7, 1941, so far as it relates to him. The defendant, A. P. Russell, filed his demurrer in writing to the bill of review alleging that the same could not be maintained against him because (1) he was not a party to the original suit; (2) the decree sought to be reviewed and reversed was not a final decree; (3) the decree of October 3, 1939, was merely interlocutory and subject to modification; (4) that, since there was no final decree in the original cause, each party was primarily responsible for his or her own costs; (5) if the decree was in any way erroneous, the only remedy was by appeal or motion to correct; (6) the defense against the said execution was by motion to quash, rather than by bill of review; and, (7) that the matters relating to said insurance policy were not involved in the litigation between the original parties, and does not in any view concern the appellant.

The court sustained this demurrer, and the appellant, having indicated that she did not desire to amend her bill, the cause was dismissed. This appeal followed.

It is obvious from the record that Dorothy M. Russell has no interest in, and is in no manner affected by, so much of the decree of February 7, 1941, as relates to the insurance policy in question, or to the acts of her attorney in relation thereto. Hence her bill of review cannot be predicated thereon. Whether the attorney could maintain a bill of review for that purpose, we need not say. He has filed no such bill. True, by a cross-bill answer to the bill of the appellant he has sought review of that decree and relief, but, since the matter is not properly within the bill of review, it cannot be brought in by cross-bill.

*Peters* v. *Case,* 62 W. Va. 33, 57 S. E. 733, 13 L. R. A. (N. S.) 408.

But the appellant is vitally and directly affected by so much of the decree as gives a recovery against her in favor of A. P. Russell. It is true that Russell was not a party to the original suit, but he did appear by counsel and ask for certain relief therein, and he was given a decretal judgment in his favor against the plaintiff. He was a party to the decree at least, and it is the decree that is sought to be reviewed. He is even seeking, by execution thereon, to take its benefits. It matters not that he was not an actual party to the cause, since he did intrude therein and moved for certain relief in the cause and was decreed relief, though different from that sought. He cannot now say that since he was not a party to the suit he is not a proper party in a proceeding to review the decree in his favor. That portion of that decree touching him could not be attacked in any manner without notice to, or process on, him.

A bill of review lies for error appearing on the face of the record. *Williams* v. *Stratton,* 114 W. Va. 837, 174 S. E. 417. There can be no question but that the recovery allowed in favor of A. P. Russell was error. The suit had abated beyond revival by the death of the sole defendant, William L. Russell. There was, therefore, no longer any suit in existence for any purpose. The court had no longer jurisdiction to give any kind of relief to any party or person therein. *Hayhurst* v. *Hayhurst,* 100 W. Va. 602, 131 S. E. 352; *Zoellner* v. *Zoellner,* 46 Mich. 511, 9 N. W. 831. The court, for the purpose of closing the case on its record, could properly take notice of its abatement by an order showing that fact, could cause the costs thereof to be taxed by the clerk of the court under its supervision, if necessary, and could do all necessary things to close the case as of the date of its abatement; but it could not adjudicate any controversy, or enter any order touching the subject matter of the suit or the rights of the parties thereto. Further, it could not give any judgment for costs, since judgment for costs is wholly dependent upon a judgment on the merits of the issue involved in the suit.

*Ringer* v. *Morris,* 82 W. Va. 492, 96 S. E. 926; *Warman* v. *Herndon,* 81 W. Va. 574, 94 S. E. 977.

If it be suggested that the decree in favor of A. P. Russell is but the exercise of the discretion of a court of equity to allow or apportion costs, more than one insuperable obstacle arises. The decree was not for costs. A. P. Russell had incurred no costs—could incur none. Certain money appears to have been voluntarily advanced by him on costs, presumably for the benefit of his brother or his estate. Certainly, Dorothy M. Russell did not directly or indirectly ask for or accept this money from A. P. Russell. He never had any right or claim against her for this money on which an action or judgment could be based. Moreover, the court had, on October 3, 1939, decreed that the whole of the costs in the case should be paid by William L. Russell, thus making the costs his debt, not the plaintiff's. This decree was interlocutory, of course, as to some matters, but not as to this provision. And this decree was right on its merits, and the final decree wrong, in the disposition which it made of costs. In a divorce or separate maintenance suit, the wife, except in unusual circumstances, not present here, always is allowed costs or suit money from the husband. The fact that the husband died *pendente lite* did not change this right, or, if it is said that upon abatement of the suit, each party should have paid his, or her, own costs, the decree is still erroneous on its merits because the appellant's costs were never ascertained and could not by any coincidence have been precisely one-half of the total costs. Therefore, under no perceivable view of the original case can the decree of February 7, 1941, be justified, and it is correctible by bill of review.

Accordingly, the demurrer of A. P. Russell is overruled and the cause remanded for further development in accordance with the views expressed in this opinion.

*Demurrer overruled; case remanded.*