REBECCA SIMONS v. DAVID W. SIMONS.

*One cannot take advantage of one's own wrong*

Where a wife had obtained a divorce on a sworn bill containing the usual allegation that there was no collusion, a subsequent bill filed by her to set aside the decree on the ground that it was procured by collusion was properly dismissed, in the absence of any showing that she had been defrauded.

Appeal from Wayne. Submitted Oct. 21. Decided Oct. 27.

BILL to aside a decree of divorce. Complainant appeals. Dismissal affirmed.

*Edwin F. Conely* for complainant.

*Otto Kirchner* for defendant. A party to a fraud whereby a decree was obtained cannot maintain proceedings to set aside the decree therefor: *Greene v. Greene* 2 Gray 361; *Adams v. Adams* 51 N. H. 397.

MARSTON, C. J. This is an appeal by the complainant from the decree dismissing the bill, which was filed to set aside a previous decree of divorce granted upon the complaint of this complainant, and which she now alleges was procured by collusion with her husband, the defendant. In the bill first filed and upon which the decree was granted she alleged that the acts done as therein set forth, " were committed without the consent, connivance, privity or procurement of your oratrix, and that such bill is not founded on, or exhibited in consequence of any collusion, agreement or understanding whatever, between the parties thereto or between your oratrix or any other person,"—and this was sworn to. Without this sworn allegation in her bill of complaint it would not have been entertained, and she having thereby given the court jurisdiction and permitted the case to proceed to a final decree, she cannot now be permitted to take advantage of her own wrong and show that there was

collusion between herself and husband in that case. She was not misled or defrauded therein but understood well what was being done, and that her husband consented. Indeed, the whole matter was simply a shameless bargain, and whether right or wrong she must now abide by it.

The decree dismissing the bill will be affirmed with costs.

The other Justices concurred.