HUBBARD, PLAINTIFF IN ERROR, v. HUBBARD, DEFENDANT IN ERROR.

1. EQUITY.

A defendant who by collusive agreement and for a promised consideration has by her silence aided the plaintiff in imposing upon the court and procuring a decree of divorce, and who has remained silent for more than a year before applying for relief, and then only upon failure to realize the promised consideration, is not entitled to favorable consideration.

2. DIVORCE—COLLUSION.

Courts should exercise care in dissolving the marriage relation and decline to grant relief where collusion appears.

3. LACHES.

After a decree of divorce has been rendered and acquiesced in for a long time, reasons which would in the first instance have caused it to be withheld may not be sufficient to warrant setting it aside.

*Error to the District Court of Arapahoe County.*

ON the 14th day of October, A. D. 1887, the defendant in error filed his bill of complaint for divorce in the county court of Arapahoe county. In this complaint among other charges it is alleged that plaintiff in error at the time of her marriage with the defendant in error had a husband living, and that since the solemnization of such marriage contract she had been guilty of repeated acts of adultery. Summons was duly

issued and served with a copy of the complaint upon the defendant, in the county of Arapahoe, on the same day that the action was commenced.

On the 9th day of November, A. D. 1887, the default of the defendant was taken for want of an answer. Oral testimony was heard and an absolute decree of divorce rendered. No further proceedings were had in the cause until the 14th day of November, A. D. 1888. At this date plaintiff in error, defendant in the original suit, filed her petition in the original case, asking that the former judgment be set aside and held for naught, and for general relief.

In this petition the institution of the original suit is recited, and among other things it is alleged that defendant was duly served with summons in said cause and with the copy of the complaint. That she immediately proceeded to obtain legal advice and assistance for her defense in said suit, and employed counsel for the purpose of making such defense. She further alleges that after these preparations had been made the plaintiff in that suit, John M. Hubbard, approached her with a view of obtaining a decree of divorce without the necessity of proceeding to a jury trial. That he made certain offers and propositions to petitioner for that purpose. That among other promises made by her husband to induce this petitioner to comply with his said request, he agreed to pay her the sum of three thousand dollars as soon as the decree of divorce was signed, and also promised to have deeded to her certain lots in the city of Denver.

That petitioner, relying upon the promises of the plaintiff, instructed her attorneys to abstain from interposing any defense to the complaint, and to permit plaintiff to obtain a decree of divorce, which was accordingly done. The petitioner further alleges that said decree was obtained upon false testimony; that in truth and in fact no ground or cause for divorce known to the statute or the law existed between the plaintiff and the defendant in error.

The petitioner further alleges that the plaintiff after having obtained the said decree has failed in every respect to

carry out and fulfill the promises so made by him to petitioner; that he has neither paid the money that he agreed to pay, nor deeded to her the lots as promised.

The petitioner also charges that the promises of the plaintiff were made by him for the purpose of inducing her to abstain from offering any evidence to the said complaint, or making any defense to the action, and without any intention on the part of plaintiff of carrying out or performing his said promises.

The petitioner prays that the decree may be set aside and held for naught, and that she may be allowed to defend the cause and answer the complaint as she may be advised.

To this petition an answer was filed in the county court, denying each allegation of the petition and alleging certain new matters which are unimportant. To this answer a replication was duly filed by the petitioner. The venue of the cause having been changed to the district court by stipulation of the parties, by consent, the answer to the petition was withdrawn and a demurrer filed. The grounds of the demurrer are:

1. That the petition does not state facts sufficient to entitle the defendant to maintain the same.

2. That it appears by the petition that the same is brought and presented by the defendant to set aside a decree of court obtained by consent, and in pursuance of a fraudulent and collusive purpose participated in by the defendant to deceive and defraud the court.

3. That it appears by the said petition that the same is presented for the purpose of enabling petitioner to take advantage of a certain corrupt, collusive and illegal agreement therein set up.

After argument by counsel this demurrer was sustained, and petitioner, electing to stand by her petition, brings the case here on error.

Messrs. SULLIVAN & MAY, for plaintiff in error.

Messrs. WELLS, MCNEAL & TAYLOR, for defendant in error.

CHIEF JUSTICE HAYT delivered the opinion of the court.

It is apparent upon the face of the petition that plaintiff in error was in no way misled or deceived as to the nature of the original action. She was duly served with process of summons and a copy of the complaint, and had at her service able counsel to defend her interests.

Thus advised and prepared she entered into a secret, collusive agreement with defendant in error, and for a promised consideration aided him by her silence to impose upon the court and procure a divorce. After the entry of the decree thus obtained she remained silent for more than one year, and only upon failure to realize the consideration promised for her shameless bargain did she apply for relief.

She not only permitted the term at which the decree was rendered to pass, but also the six months additional allowed by statute for relief in certain instances, without advising the court of the fraud practiced upon it and the law. To entitle her to relief had her petition been filed in apt time, it should have been made to appear affirmatively that she was then acting from good motives and not any expected personal advantage.

It is apparent, however, from her petition that she entertains no feelings of remorse for her base conduct, but is on the contrary actuated solely by a desire to obtain a money consideration for the fraud to which she was a party. Plaintiff under these circumstances is not in a position to demand favorable action from the court.

It is urged that the divorce should be set aside on the ground of public morals. The manner in which the public morals would be subserved by such action is not apparent. With the marriage contract reinstated, plaintiff in error would occupy a more advantageous position from which to renew her demand for money, and perhaps, profiting by her experience, negotiate for another collusive divorce upon a

cash-in-hand basis, but we must be permitted to question the benefit that would result to the public morals by opening anew such an avenue of speculation at the instance of a party to the fraud. Undoubtedly courts should exercise care in dissolving the marriage relation and decline to grant relief where collusion appears, but after a decree has been rendered and acquiesced in for a long period of time, reasons which would in the first instance have caused it to be withheld may not be sufficient to warrant setting it aside. *Zoellner v. Zoellner,* 46 Mich. 511; *Singer v. Singer,* 41 Barbour, 139; *Simons v. Simons,* 47 Mich. 253.

*Danforth v. Danforth,* 105 Ills. 603, is the only case cited by counsel for plaintiff in error. The case is readily distinguishable from the case at bar. In that case collusion was charged between the husband and the attorneys for the wife, she herself neither being a party to nor having knowledge of the collusive agreement. And the motion to set aside the decree was interposed before the adjournment of the term and as soon as the facts came to her knowledge.

The judgment of the district court must be affirmed.

*Affirmed.*