## WHITTLEY v. WHITTLEY.

(Supreme Court, Special Term, New York County.   July 1, 1908.)

1. DIVORCE—COLLUSION—ACTION TO SET ASIDE JUDGMENT—ESTOPPEL.

A wife, in consideration of a promise by the husband to provide for her and pay her $1,000, did not defend his divorce suit against her, and a decree of divorce was entered.   *Held* that, assuming the divorce to have been obtained collusively, the wife had no standing in equity to set aside the divorce on the failure of the husband to carry out his agreement; she having been a party to the fraud on the court.

2. SAME—PERJURY—EFFECT.

The fact that perjured testimony was offered to secure a decree for divorce is not of itself ground for setting it aside, and where a son of the parties to a divorce suit, 14 years of age, testified in the action to set aside the decree that his testimony in the divorce suit was false, he is unworthy of belief, and the divorce decree will not be set aside on that ground.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 17, Divorce, § 536.]

3. SAME—LACHES—EXCUSE.

The failure of the wife for five years, without an adequate excuse for the delay, to bring a suit to set aside a divorce decree, alleged to have been procured by the husband collusively, is such laches as prevents the relief sought.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 17, Divorce, § 541.]

4. SAME—MARRIAGE OF HUSBAND AFTER DIVORCE—EFFECT.

In an action in which the wife is plaintiff, seeking to have a divorce obtained by the husband set aside, the fact that the husband has remarried and has issue by the second marriage does not of itself preclude the court from setting the decree aside in a proper case, yet it should cause great hesitation in adopting such course, as the rights of innocent third parties would necessarily be affected thereby, and it would only be on evidence of a very strong and satisfactory character that the decree would be set aside.

Action by Anna K. Whittley against John P. Whittley to set aside a judgment of divorce.   Judgment for defendant, dismissing the complaint on the merits.

A. D. Lent, for plaintiff.

Charles A. Ogren, for defendant.

SEABURY, J.   This action is brought to set aside a decree of divorce, which is alleged to have been procured by fraud and collusion.   The decree of divorce was entered in favor of the defendant against the plaintiff on the 21st day of March, 1903.   The defendant in that action, who is the plaintiff in this, was properly served with process, but did not appear, and the decree was entered after the proof on behalf of the plaintiff had been presented.   The plaintiff alleges that the defendant agreed to provide for her and to pay her $1,000 if she would allow him to obtain a divorce from her, that she consented to allow the defendant to get a divorce from her without interposing any defense, that such divorce was granted, and that this defendant failed to pay her the $1,000 as agreed.

I am not satisfied, from the evidence presented, that the divorce was obtained as a result of such a collusive agreement as the plaintiff alleges.   Assuming, however, that the decree of divorce was obtained as a result of collusion, that fact, in view of the circumstances existing

in this case, would not justify awarding a decree in favor of the plaintiff setting aside the decree of divorce. Upon the plaintiff's own statement, she was a party to the perpetration of a fraud upon the court. She made an illegal agreement in order to secure the $1,000, which she alleges the defendant promised to pay her, and she now complains because of the defendant's failure to pay the amount which he promised. The purpose of the plaintiff is purely mercenary. She was willing to be a party to the perpetration of the fraud upon the court, but, because the defendant has not paid her the money which he promised her, she proclaims the fraud and asks a court of equity to set aside a judgment entered against her. The plaintiff is not in a position to invoke the aid of the court to relieve her from a situation in which, according to her testimony, she has been placed by her own participation in the fraud of which she now complains.

The decree of divorce is attacked, also, on the ground that the court was misled by perjured testimony. The son of the parties to this action, who, at the time of the action for divorce was 14 years of age, testified upon this trial that the evidence which he gave in the action for divorce was false. The testimony of this witness is unworthy of belief. It is impossible to determine whether the testimony which he gave in the divorce action is true, or whether the testimony which he gave in this action is true. The fact, however, that perjured testimony was offered to secure the decree attacked is not of itself ground for setting it aside. U. S. v. Throckmorton, 98 U. S. 68, 25 L. Ed. 93; Mayor v. Brady, 115 N. Y. 599, 615, 22 N. E. 237.

The plaintiff in this action has delayed bringing this action for five years. She attempts to excuse her laches upon the ground of her poverty. I am satisfied that the excuse which she now offers is not genuine. The laches of which she has been guilty is alone sufficient to prevent her recovery in this action. 14 Cyc. 720; Singer v. Singer, 41 Barb. 139.

Since the decree of divorce has been entered the defendant has remarried, and has issue by that marriage. While this fact does not of itself preclude a court from setting aside a decree of divorce in a proper case, yet it should cause great hesitation in adopting this course. The rights of innocent third parties would necessarily be affected by awarding to this plaintiff the judgment which she seeks. The rights and status of innocent partes should not be interfered with, except upon evidence of a very strong and satisfactory character. 14 Cyc. 719; Wortman v. Wortman, 17 Abb. Prac. 66; Singer v. Singer, 41 Barb. 139. The evidence presented upon this trial is certainly not of this convincing character. While the evidence upon which the decree of divorce was granted is not altogether satisfactory, yet I am convinced, from the evidence adduced upon this trial, that the decree then awarded against this plaintiff did her no injustice. It is unnecessary to review in detail this evidence. It is sufficient to point out that the circumstances under which the plaintiff left her husband's home, her conduct in New York immediately after that event, and the relations which she has maintained with the person who was named as co-respondent in the action of divorce leave no doubt in my mind that no injustice has been done the plaintiff.

'It is clear upon both the facts and the law, that judgment should be rendered in this action in favor of the defendant, dismissing the complaint upon the merits. Submit findings and proposed form of decision.