[L. A. No. 5451.   In Bank.—June 3, 1918.]

## ETHEL W. BANCROFT, Appellant, v. GRIFFING BANCROFT, Respondent.

JUDGMENT—COLLUSION IN PROCURING DECREE—ACTION TO SET ASIDE—EQUITY WILL NOT INTERFERE.—It is a general rule in this state that courts of equity will not interfere to relieve a party to an action from a judgment procured through a collusive agreement between the parties to the effect that one of them shall commence the action and obtain, by consent of the other, a judgment to which he would not otherwise be entitled.

DIVORCE—INTERLOCUTORY DECREE OBTAINED BY COLLUSION—ACTION TO SET ASIDE — PLEADING — COMPLAINT INSUFFICIENT — JUDGMENT ON DEMURRER.—A demurrer to a complaint is properly sustained without leave to amend, and judgment is properly entered dismissing an action brought by a wife in May, 1917, to set aside an interlocutory decree of divorce obtained by her husband in June, 1916, on the ground of desertion, where the facts alleged in the complaint to set the decree aside are, in substance, that in pursuance of a previous agreement and understanding between the husband and wife, by which the husband was to pay her a monthly allowance and permit her to visit their two minor sons, she appeared by attorney but interposed no defense nor objection in an action for divorce brought by him on the ground of desertion, falsely alleged by him in his complaint and falsely testified to by him on the trial, and that after the entry of the interlocutory decree he refused to permit her to see or visit the children and failed and refused to pay her the agreed monthly allowance.

ID.—COLLUSIVE DECREES—GENERAL RULE AGAINST INTERFERENCE IN EQUITY—EXTENT OF EXCEPTION IN DIVORCE CASES.—The exception in divorce cases to the general rule that courts of equity will not interfere to relieve one of the parties to a collusive decree is con-

find to those cases where, in the action itself, the court has full control over its own decrees.

ID.—Absence of Equitable Considerations or Public Interest.— After the time has passed within which the court has power to relieve against a judgment by motion under section 473 of the Code of Civil Procedure, and the time to appeal from the judgment has also expired, one who seeks relief in another tribunal by independent action should be required to make an affirmative showing of some equitable consideration or some good reason sounding in public policy, and in the absence of such equitable considerations or of any showing that the public interest or policy would be served in preserving the marriage relation in the particular case, the general rule will prevail in divorce as in other cases, and courts of equity will not interfere with judgments in such cases obtained solely through the collusion and connivance of the parties to the proceeding.

APPEAL from a judgment of the Superior Court of San Diego County. C. N. Andrews, Judge.

The facts are stated in the opinion of the court.

Luce & Luce, and Joseph L. Lewinsohn, for Appellant.

Sweet, Stearns & Forward, and Ward, Ward & Ward, for Respondent.

RICHARDS, J., *pro tem.*—This is an appeal from a judgment of dismissal of this action after an order sustaining the defendant's demurrer to the plaintiff's complaint. The action was brought by the plaintiff to have set aside an interlocutory decree in the case of *Bancroft* v. *Bancroft, ante,* p. 352, [173 Pac. 582], upon the ground that such decree was procured by collusion between the parties to that action, who are also the parties to this one. The facts out of which this action arose as set forth in the complaint herein are as follows: The parties were married on or about October 30, 1901. Three children were born of this marriage, a daughter named Barbara, now of the age of fourteen years, and two sons, Griffing, Jr., and Hubert Howe, whose ages are now, respectively, eleven and eight years. On October 30, 1914, the plaintiff left the home of the defendant and herself in or near San Diego, with the defendant's knowledge and consent, for the purpose of paying a visit to her parents in Washington, D. C., intending and expecting to return to her said home in

about two months, and without any intention of deserting the defendant; that in the month of January, 1915, the plaintiff received a letter from the defendant informing her that the defendant had decided that they could no longer live together as husband and wife and directing her not to return to their home, and agreeing and promising that he would pay her the sum of $125 as a monthly allowance and permit her to have the custody and care of their daughter Barbara and to see and visit their two sons upon some satisfactory arrangement; that the plaintiff upon receipt of this letter did not return to the home of herself and defendant on account of such direction and arrangement, but went to reside in the city of New York. During the month of May, 1916, the defendant wrote to the plaintiff informing her that he desired and intended to secure a divorce from her, and desired and requested her to consent to such divorce action and to refrain from contesting his application for a decree therein. That the plaintiff thereupon agreed with the defendant not to institute a contest nor offer any objection to his proceeding for a divorce nor to file any answer or offer any testimony therein, provided the defendant would make provision in the decree therein regarding the custody of their children. That thereafter the defendant arranged with an attorney to represent this plaintiff in said action and caused this plaintiff to instruct said attorney to enter her appearance therein as her attorney of record, but to offer no objection to the entry of a decree therein dissolving the bonds of matrimony between the parties thereto. That thereafter and on June 5, 1916, the defendant herein commenced such action for divorce in the county of San Diego against this plaintiff, alleging willful desertion as the ground of divorce; that in accordance with their aforesaid understanding this plaintiff's attorney so provided entered her appearance therein but offered no objection to the proceedings therein, but facilitated the same in every way possible to the end that the defendant herein should secure an interlocutory decree in his favor in said action. That when said cause came on for trial the defendant herein, as plaintiff therein, testified falsely that this plaintiff had willfully deserted him and that such desertion had continued for more than a year prior to the inception of said action. That no objection was made by or on behalf of this plaintiff to such testimony or to any of the proceedings in said action or to the granting of the

interlocutory decree therein, and such interlocutory decree was accordingly granted and duly entered on June 22, 1916, notwithstanding the fact that the plaintiff herein had a good and valid defense to said action, which she did not present on account of the prior agreement and understanding between herself and the plaintiff therein. That thereafter and in the month of May, 1917, the defendant herein informed the plaintiff herein that he would not permit her to see or visit their two sons, and did thereafter so refuse to permit this plaintiff to see or visit her two children and also failed and refused, and still refuses, to longer pay this plaintiff her agreed allowance of $125 a month. That this plaintiff thereupon came to San Diego and took steps to procure counsel and to assert her rights in the premises, and was informed by her said attorneys that said divorce decree was invalid and was also advised that the defendant herein was about to apply for a final decree in said action, whereupon she instituted this action setting forth the foregoing facts and praying that said interlocutory decree be set aside and that the defendant herein be enjoined from procuring a final decree. The defendant demurred to this complaint upon several grounds, but chiefly that the same did not state facts sufficient to constitute a cause of action. The court sustained the demurrer without leave to amend and entered judgment accordingly, dismissing the action, and from such order and judgment the plaintiff prosecutes this appeal.

The appellant herein contends that the trial court, sitting as a court of equity, had power, and that it was its duty, to entertain this action and to set aside the interlocutory decree of divorce given and made in the defendant's favor in said action, wherein he was plaintiff, upon the facts recited in her complaint herein, showing that said interlocutory decree had been obtained by a collusive agreement between herself and the defendant herein, by which a fraud had been practiced upon the court.

We are unable to give our support to this contention upon the facts set forth in the appellant's complaint. It is practically conceded by the appellant herein that, as a general rule, courts of equity will not interfere to relieve a party to an action from a judgment which has been procured through a collusive agreement between the parties to the action to the effect that either of said parties shall commence the action and

obtain by the connivance or consent of the other a judgment to which he would not otherwise be entitled. This rule has been uniformly adhered to in this state. (*Pico* v. *Cohn*, 91 Cal. 129, [25 Am. St. Rep. 159, 13 L. R. A. 336, 25 Pac. 970, 27 Pac. 537]; *Fealey* v. *Fealey*, 104 Cal. 354, [43 Am. St. Rep. 111, 38 Pac. 49]; *Sohler* v. *Sohler*, 135 Cal. 323, [87 Am. St. Rep. 98, 67 Pac. 282]; *Hanley* v. *Hanley*, 114 Cal. 690, [46 Pac. 736]; Civ. Code, secs. 3515, 3517, 3524.) The appellant, however, contends that however correct in principle and policy this rule may be in its general application, an exception should be made in its application to divorce cases, for the reason that in this class of cases it is to the public interest not only that the courts should not be imposed upon in the commencement and prosecution of divorce cases, but also that the marriage relation should be maintained and not be permitted to be sundered for light or trivial causes or through the collusion or consent of the parties to it. While the cases cited by counsel for the appellant make application of the foregoing rule to the facts of such cases, they are not to be understood as insisting upon its universal application to every action brought to have a decree of divorce set aside upon the ground of collusion between the parties thereto, but that being an exception to the otherwise general rule above stated, it is to be confined in its application to those cases where, in the action itself, the court has full control over its own orders and decrees. The cases of *Mulkey* v. *Mulkey*, 100 Cal. 91, [34 Pac. 621], and *Rehfuss* v. *Rehfuss*, 169 Cal. 86, [145 Pac. 1020], may be referred to as illustrating the class of cases to which application of the exception to the general rule may be given. In each of these cases the application for relief was made under section 473 of the Code of Civil Procedure. In the former of these cases the record discloses that in entering into the collusive agreement for the divorce the party seeking to avoid it had been grossly deceived and misled by her husband, and by means thereof had been induced to enter into the collusive agreement. In the case of *Rehfuss* v. *Rehfuss, supra,* the party seeking to set aside the interlocutory decree also made her motion under said section of the Code of Civil Procedure, basing the same upon a showing that her consent to the granting of the decree had been induced by fear occasioned by the threat of her husband that if she defended the action her infant child would be taken from her and placed in a public

institution. There is a distinction to be drawn, however, between cases where the application for relief from a decree collusively obtained is made in the action itself and within the time prescribed by section 473 of the Code of Civil Procedure, or before the period passes within which the interlocutory decree may be assailed upon appeal, and cases where relief is sought in an independent action. For the period of six months the trial court has full control over the case and may grant relief within the action itself to either party; but after the expiration of that period the rights of the parties have become fixed beyond the power of the court to grant relief under section 473 of the Code of Civil Procedure and also beyond remedy by appeal; and the party who has allowed this period to expire without any effort to obtain relief within the action itself and who thereafter seeks the aid of another tribunal in an independent action should be required to make an affirmative showing of some equitable consideration or of some good reason sounding in public policy sufficient to justify the interference of equity with the crystallized status of the parties in the particular case. On the other hand, the authorities are numerous to the effect that in the absence of such equitable considerations or of any showing that the public interest or policy in preserving the marriage relation in the particular case would be subserved, the general rule will prevail in divorce as in other cases, and courts of equity will not interfere with judgments in such cases obtained solely through the collusive connivance of the parties to the proceeding. The following authorities fully sustain this view: *Hubbard* v. *Hubbard,* 19 Colo. 13, [34 Pac. 170]; *Robinson* v. *Robinson,* 77 Wash. 663, [51 L. R. A. (N. S.), 534, 138 Pac. 288]; *Whittley* v. *Whittley,* 60 Misc. Rep. 201, [111 N. Y. Supp. 1078]; *Newman* v. *Newman,* 27 Okl. 381, [112 Pac. 1007]; *Karren* v. *Karren,* 25 Utah, 87, [95 Am. St. Rep. 815, 60 L. R. A. 294, 69 Pac. 465]; *Smith* v. *Smith,* 48 Mo. App. 612; *Nichols* v. *Nichols,* 25 N. J. Eq. 60; *Simons* v. *Simons,* 47 Mich. 253, 645, [10 N. W. 360]. We are satisfied that the rule of non-interference adopted in the foregoing cases should be applied to the case at bar. A review of the facts and circumstances of the case in detail justifying this conclusion would subserve no useful purpose.

Judgment affirmed.

Sloss, J., Wilbur, J., and Angellotti, C. J., concurred.

MELVIN, J., Concurring.—I concur in the judgment and in everything written by Mr. Justice Richards in the opinion, and I do so the more readily because I have never believed in the soundness of the doctrine announced in such cases as *Deyoe* v. *Superior Court,* 140 Cal. 476, [98 Am. St. Rep. 73, 74 Pac. 28], and *Grannis* v. *Superior Court,* 146 Cal. 245, [106 Am. St. Rep. 23, 79 Pac. 891], that the state is a party interested in every divorce case. I do not believe that in any logical sense the state should be considered a party to a divorce proceeding any more than it is a party to any other suit to terminate a status fixed by contract. Heretofore the doctrine of the state's being a party interested in such an action has been useful only to save the procedure prescribed by statutes which would be otherwise vulnerable to the charge of unconstitutionality. Perhaps the end justified the fiction; but if it were more than a fiction of very limited applicability, the supposed standing of the state as a party in interest in every action for divorce might be invoked, with reason, it seems to me, as giving to a court of equity jurisdiction of an action to set aside an interlocutory decree obtained by collusion of husband and wife.

SHAW, J., Concurring.—I concur in the judgment, on the ground that, while it is to the interest of the state that divorces shall not be obtained by collusion between the parties, that interest does not extend so far as to prevent the operation of the doctrine that equity will not relieve a party from an improper judgment rendered upon his own invitation, upon full knowledge of the facts and without coercion, imposition, or fraud upon him. I am not ready to approve the opinions in *Mulkey* v. *Mulkey,* 100 Cal. 91, [34 Pac. 621], and *Rehfuss* v. *Rehfuss,* 169 Cal. 86, [145 Pac. 1020], in so far as they appear to intimate that the superior court, in a proceeding ostensibly under section 473 of the Code of Civil Procedure, may set aside a judgment of divorce, in the absence of any showing of mistake, inadvertence, surprise, or excusable neglect on the part of the party applying for relief. The intimations to that effect were not necessary to the decision of either case. Section 473 does not give such power. I see no sound reasons for holding that the court has any greater power to set aside a judgment for fraud or mistake within the period of six months

after it is rendered than it would have at any time within the statutory period of limitation for such actions.

In view of the concurring opinion of Justice Melvin, I wish to add that I do not understand that this court, either in *Deyoe* v. *Superior Court,* 140 Cal. 476, [98 Am. St. Rep. 73, 74 Pac. 28], or *Grannis* v. *Superior Court,* 146 Cal. 245, [106 Am. St. Rep. 23, 79 Pac. 891], has announced the doctrine that the state is a party interested in every divorce case. The cases, as I understand them, merely say that the state is interested in the matter of granting of divorces, not that it is a party to the action in any ordinary sense of the word.