[Civ. No. 7799.   Second Appellate District, Division Two.—March 31, 1931.]

MICHELE BRUNO et al., Appellants, v. GIOVANNI GUGLIELMO et al., Respondents.

Frank M. Benedict and George W. Rochester for Appellants.

Ernest M. Torchia for Respondents.

CRAIG, J.—The plaintiffs below appealed from a judgment of nonsuit rendered on motion of the defendants in a suit praying the vacation of a decree of foreclosure of a mortgage upon real property.

Suit was commenced by the mortgagees against appellants for the foreclosure of a mortgage given by the latter as security for a promissory note.    Thereafter a supplemental complaint and *alias* summons were served in said suit on behalf of respondent as substituted plaintiff who had succeeded to

the rights of the plaintiffs by assignment. None of the defendants having appeared, default judgment, decree of foreclosure, order of sale, and a writ of assistance followed simultaneously. There was no attempt made under the provisions of section 473 of the Code of Civil Procedure by the mortgagors, praying that the judgment be vacated and that they be permitted to answer the supplemental complaint. The grounds of this action sound in fraud and deceit, as stated in appellants' brief, ''in falsely representing to plaintiffs and their attorney that they should make no appearance . . . , and that no judgment would be taken against them, and if such judgment was taken, it would be for the plaintiffs' benefit and to preserve their property and that said property would be reconveyed to plaintiffs'', at the termination of other litigation against them by creditors.

Appellants' counsel in the original suit testified that it was generally understood, that he explained to them that that litigation was for the purpose of protecting them against possible demands of creditors in Alameda County. In fact, their contention in the instant case was, and here is, that there was no consideration for the promissory note and mortgage. All of their counsel's negotiations were had through the mortgagee, who employed him for the defendants in that case, and paid him a fee in their behalf. He advised the mortgagors, upon the basis of an understanding with the mortgagee, that ''nothing would be done in the action any more than a formal entry of judgment, and that no dispossession would be taken'', and that he made no appearance for the reasons so stated. It was also agreed that if the mortgagee was by the general scheme forced to foreclose, the property should be reconveyed to the mortgagors upon a favorable determination of the suits pending in the north. There is nothing tending to indicate that the judgment was entered contrary to such understanding of the parties, that the mortgagee would decline, or had been requested, to reconvey at the time agreed upon, nor that the mortgagors would be precluded from demanding a reconveyance in appropriate proceedings.

The sole ground asserted for equitable relief is that the original suit was commenced to foreclose a mortgage given as a subterfuge to shield the defendants therein from creditors, with the understanding that when the storm

should subside the judgment if taken should be vacated. In fear of a threatened breach of this clandestine agreement of the parties, the mortgagors attempt to invoke the aid of equity for its enforcement, and it is strenuously insisted that they have a substantial defense to the respondents' alleged cause of action. It is settled law that courts of equity will not interfere to relieve a party from a judgment in such cases. (*Bancroft* v. *Bancroft,* 178 Cal. 359, [L. R. A. 1918F, 1029, 173 Pac. 579].)

The judgment is affirmed.

Works, P. J., and Thompson (Ira F.), J., concurred.